# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| Antonio Castaneda,<br><br>            Plaintiff,<br><br>vs.<br><br>Judge Joe Hardy, et al.,<br><br>            Defendants. | Case No. 2:22-cv-01927-GMN-VCF<br><br>**Order**<br><br>Application For Leave to Proceed in Forma Pauperis (ECF No. 1) |

Pro se plaintiff Antonio Castaneda filed an application to proceed in forma pauperis (ECF No. 1) and complaint (ECF No. 1-1). I deny Castaneda's in forma pauperis application without prejudice.

## DISCUSSION

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." If the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), as amended by the Prison Litigation Reform Act ("PLRA"), he remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); *Castaneda v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

The District of Nevada has adopted a "Prisoner Form" IFP application for incarcerated persons. Under the PLRA, a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119

(9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2).

Plaintiff is currently incarcerated. ECF No. 1. Plaintiff filed a regular IFP application instead of the Prisoner Form IFP application. It would be helpful if plaintiff resubmitted his IFP application on the Prisoner Form approved by this district. Plaintiff also did not file a certified copy of the trust fund account statement. Pursuant to the PLRA, plaintiff <u>must</u> submit a certified copy of the trust fund account. Plaintiff's IFP application is denied without prejudice. Since I deny plaintiff's IFP application, I do not screen his complaint now.

ACCORDINGLY,

I ORDER that plaintiff Castaneda's application to proceed in forma pauperis (ECF No. 1) is DENIED without prejudice.

I FURTHER ORDER that by Wednesday, January 4, 2023, plaintiff must either (1) submit a certified copy of the trust fund account or (2) plaintiff must pay the full fee for filing a civil action.

I FURTHER ORDER the Clerk of Court to mail plaintiff a copy of the Prisoner Form IFP application approved by this district.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk

of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

    IT IS SO ORDERED.

    DATED this 30th day of November 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE