# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| Antonio Castaneda,<br><br>                    Plaintiff,<br><br>vs.<br><br>Joe Hardy, *et al.*,<br><br>                    Defendants. | Case No. 2:22-cv-01927-GMN-VCF<br><br>Order<br><br>Motion For Leave to Proceed in Forma Pauperis (ECF No. 4) |

I previously ordered incarcerated pro se plaintiff Antonio Castaneda to file a new application to proceed in forma pauperis (IFP) and a copy of his certified trust fund account statement. ECF No. 4.

I deny plaintiff's IFP application. ECF No. 4.

**I.      Discussion**

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). An inmate submitting an application to proceed IFP must also "submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the

applicant's account for the six months prior to the date of submission of the application." LSR 1-2; see also 28 U.S.C. § 1915(a)(2).

If a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an initial partial filing fee that is calculated as 20 percent of the greater of the average monthly deposits or the average monthly balance for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid, the prisoner is required to make monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody of the prisoner will forward payments from the prisoner's account to the court clerk each time the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

Plaintiff's certified account statement indicates that his current account balance is $1,250.56 and that his average monthly balance is $1,226.56. ECF No. 4 at 5. As part of plaintiff's IFP application, plaintiff signed the financial certificate, which states that if his account balance is above $402 (the $350 filing fee plus the $52 administrative fee), he does not qualify for IFP status and must pay the full filing fee. ECF No. 4. Plaintiff's calculated filing fee per the certificate is $402. *Id.* Courts within the Ninth Circuit routinely deny prisoner's IFP applications when the prisoner can afford to pay the filing fee in full in the beginning of the case. See *Durand v. Wildeveld et al.,* 3:22-cv-00169-MMD-CSD, ECF No. 15 (Court denied prisoner IFP status because his account balance on the financial certificate "was $582.22, which is above $402[.]") and *Perez v. Cervantes,* No. 1:22-cv-00390-DAD-BAM (PC), 2022 U.S. Dist. LEXIS 87659, at 1 (E.D. Cal. May 16, 2022)(Court denied IFP status because the prisoner account balance was $2,624.27).

Since plaintiff can afford to pay the filing fee, I order that plaintiff's IFP application is denied. Upon receipt of the initial partial filing fee, I will screen plaintiff's complaint as required by 28 U.S.C. §§ 1915(e)(2) and 1915A(a); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).

ACCORDINGLY,

I ORDER that plaintiff Castaneda's motion to proceed in informa pauperis (ECF No. 4) is DENIED. Plaintiff has until Tuesday, January 17, 2023 to pay the filing fee. Plaintiff must send the full $402 filing fee to the Clerk of Court.

I FURTHER ORDER that upon receipt of the filing fee, I will screen plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

I FURTHER ORDER that failure to comply with this order by paying his filing fee before the January 17, 2023 deadline will result in a recommendation to the district judge that this case be dismissed.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any

change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 9th day of January 2023.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE